IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PNC BANK NATIONAL ASSOCIATION, )<br>as successor to First American Bank )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>ELAINE DANIEL GISSENDANER,   )<br>   )<br>   Defendant.   ) | Case No. 1:13-cv-1143-TMP |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This cause is before the court on PNC Bank National Association's ("Plaintiff") motion for default judgment against Elaine Daniel Gissendaner ("Defendant"), filed August 30, 2013. (Doc. 7). The parties have not consented to the exercise of dispositive jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). Following careful consideration of the motion for default judgment and the materials submitted in support of it, the undersigned magistrate judge recommends that the motion be granted and default judgment entered in favor of Plaintiff and against Defendant.

PROCEDURAL HISTORY

Plaintiff filed suit against Defendant on June 17, 2013, alleging that Defendant had defaulted in the payment of a promissory note evidencing a debt owed to Plaintiff. Defendant was served with process on June 25, 2013. No answer, motion, appearance, or other defense to the complaint has been filed by or for Defendant. On July 23, 2013, Plaintiff moved for entry of

default against Defendant, and the clerk entered default on August 29, 2013.  The motion for default judgment now before the court followed on August 30, 2013.

## DISCUSSION

The motion for default judgment is supported by affidavits and exhibits from Frank Kiernan, a Senior Asset Manager for Plaintiff, and Rodney E. Nolen, Plaintiff's attorney in this action.  Those exhibits include a promissory note dated April 18, 2008, from Defendant to First American Bank, the predecessor-in-interest to Plaintiff, in the face amount of $315,000; a future advance mortgage dated April 18, 2008, from Defendant to First American Bank, as security for the promissory note; and a letter dated February 21, 2013, to Defendant, notifying her of a default in the payment of the promissory note, accelerating the payment terms, and demanding payment of the note in full.

In his affidavit, Kiernan testifies that the note remains unpaid, with a balance due of $287,574.60, as of July 24, 2013.  This amount consists of unpaid principal in the amount of $273,561.25, accrued interest in the amount of $11,408.73, and late charges of $2,604.62.  Nolen testifies in his affidavit that he is an attorney representing Plaintiff in connection with the collection of this note and that he is familiar with all of the work done on behalf of Plaintiff in this case.  He testifies that, as of August 7, 2013, Plaintiff had incurred a total of $3,665.25 in legal fees in connection with this matter and anticipates that significant fees and expenses will be incurred by Plaintiff following the possible entry of default judgment.  Nolen expresses the opinion that the number of hours expended upon the matter are reasonable, and the hourly rates

are reasonable and customary for such services in the Northern District of Alabama.  The motion for default judgment states that interest continues to accrue at the rate of $45.593 per day.

It is now clear that Defendant has been served with process and has failed to defend against the action.  Defendant is now in default.  Once a party has defaulted, all well-pleaded factual allegations of the complaint are deemed admitted and proven.  The Eleventh Circuit has stated the law of default as follows:

> The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action.  While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit[ ] the plaintiff's well-pleaded allegations of fact."  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).  The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law."  Id.  Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.  At that point, the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought.  See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (citing Nishimatsu, 515 F.2d at 1206).

Tyco Fire & Security, LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (italics in original and internal footnotes omitted); see also Eagle Hospital Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting Nishimatsu Construction

Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); E Beats Music v. Andrews, 433 F.Supp. 2d 1322 (M.D. Ga. 2006).  Under this law, the court is still required to examine the factual allegations of the complaint, deeming them to be admitted, and the evidence offered in support of the complaint to determine whether there is a sufficient substantive basis for finding the defaulting defendant liable as alleged by the plaintiff.

     Based on the admitted allegations of the complaint, the exhibits offered as part of the complaint, and the evidence presented in support of the motion for default judgment, it is clear that Plaintiff has stated, and Defendant has admitted, a substantive factual and legal basis for its default judgment.  On April 18, 2008, Defendant executed a promissory note in favor of First American Bank, whose successor in interest is PNC Bank.  (Doc. 7-1).  The note was in the amount of $315,000.00, with interest accruing at the rate of 6.000%.  The note called for repayment in monthly amounts of $2,257.51, beginning on May 18, 2008, and one irregular last payment estimated at $271,127.83, due on April 18, 2013.  According to Kiernan, the note went into default when Defendant failed to pay sums due when called for under the promissory note. (Doc. 7-1).  A default and acceleration notice and demand for payment was mailed to Defendant on February 21, 2013.  (Doc. 7-1).  The well-pleaded factual allegations of the complaint, admitted as they are by Defendant, adequately establish a substantive basis for the default judgment due to Defendant's default under the payment terms of the note.

     Kiernan's testimony establishes that, as of July 2, 2013, the total outstanding balance owed on the promissory note (principal, accrued interest, and late charges) was $287,574.60.  Further, Nolen's testimony establishes that as of August 7, 2013, attorney's fees of $3,665.25 had been incurred by Plaintiff, bringing the total amount owed by Defendant to $291,239.85.  The

reasonableness of the attorney's fees claim is established by Nolen's affidavit and the court's own judicial experience in matters such as these in this district.  Fees and expenses that are less than two percent of the outstanding balance on the note are unquestionably reasonable.  With interest accruing at the rate of $45.59 per day,[1] an additional interest amount of $4,786.95 will have accrued from August 30, 2013, up to and including December 10, 2013,[2] the deadline for filing objections to this report and recommendation.  Accordingly, as of December 10, 2013, the total judgment to be entered in favor of Plaintiff and against Defendant will be $296,026.80.

RECOMMENDATION

Based on the foregoing considerations, the magistrate judge RECOMMENDS that final judgment by default be entered in favor of plaintiff PNC Bank National Association, as successor to First American Bank, and against the defendant, Elaine Daniel Gissendaner, in the amount of $296,026.80, plus interest accruing post judgment and the costs of this action.

**NOTICE OF RIGHT TO OBJECT**

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.

---

[1] Although Plaintiff provided an interest accrual rate of $45.593 per day, the court chose to round that amount down to $45.59 for purposes of computing damages.

[2] By its terms, the note provides for an annual interest rate of 6.000%, computed on the basis of a 360-day year.  The interest rate of .06 per annum divided by 360 days yields a daily interest rate of .00016667.  Multiplying that daily rate by the outstanding principal balance of $273,561.25 results in a daily interest accrual of $45.59.  Thus, the daily interest accrual is a simple interest rate computed only against the principal amount of the note and not compounded on already-accrued interest, late charges, or fees and expenses.

**Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L.Ed.2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982)(*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of the foregoing to the defendant at the address at which she was served with process.

DONE this 26th day of November, 2013.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE